quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7413**

WRITER'S EMAIL ADDRESS
**renitasharma@quinnemanuel.com**

June 14, 2017

**Submitted Via ECF**

Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Planete Bleue Television, Inc. v. A&E Television Networks, LLC*, Case No. 1:16-cv-9317

Dear Judge Gardephe:

We represent defendants Aon Corporation and the named entity "Aon d/b/a Albert G. Ruben Insurance Service, Inc." in the above-referenced case. As discussed at the June 6, 2017 conference, the entity that Plaintiffs named and served, Aon Corporation, was not involved in the facts underlying Plaintiffs' claim. The relevant entity is Aon/Albert G. Ruben Insurance Services, Inc. ("AGR"). Plaintiffs have agreed to substitute AGR for Aon Corporation, and the parties are working to effectuate this substitution. (*See* June 6, 2017 Hr'g Tr. 7:10-19.)

We write in response to Your Honor's request at the June 6, 2017 conference for further information regarding any contractual agreements between Plaintiffs and AGR, and for the relevant insurance policies.

AGR and Plaintiffs do not have a contractual relationship. AGR is an insurance broker for defendant A&E Television Networks, LLC ("A&E"). As part of its insurance portfolio and through broker AGR, A&E "maintain[ed] a program of media-liability insurance which afford[ed]" coverage to certain production companies working with A&E. (*See* Ex. B to AGR's May 31, 2017 Letter, at Dkt. 41-2 at 1.) Plaintiffs Planete Bleue Television, Inc. and Planete Bleue Television II, Inc. were among those production companies.

On January 11, 2013, Plaintiffs executed an agreement with A&E known as the AETN Insurance Coverage Program for Production Companies (the "AETN Program Agreement"). (*Id.*) Pursuant to the AETN Program Agreement, Plaintiffs agreed to submit a Television Production Insurance Application to AGR, and A&E agreed to "direct [AGR] to contact

[Plaintiffs] promptly" regarding the application.  (*Id.*)  AGR is not a party to the AETN Program Agreement.  (*See id.*)

Pursuant its contractual relationship with its client A&E, and at A&E's direction, AGR then took the necessary steps to afford coverage to Plaintiffs under four policies which were part of the "program of media-liability insurance" "maintained" by A&E:

- the Commercial Lines Policy issued by Great Divide Insurance Company, Policy No. CNA1025659-14, for the coverage period March 1, 2012 to March 1, 2015 (attached hereto as Exhibit 1);

- the Commercial Lines Policy issued by Great Divide Insurance Company, Policy No. CUA1025744-14, for the coverage period March 1, 2012 to March 1, 2015 (attached hereto as Exhibit 2);

- the Film & Entertainment Liability Policy issued by AXIS Insurance Company, Policy No. MCN000158551201, for the coverage period March 1, 2012 to April 1, 2013 (extended by endorsement) (attached hereto as Exhibit 3); and

- the Film & Entertainment Liability Policy issued by AXIS Insurance Company, Policy No. MCN000193951301, for the coverage period April 1, 2013 to April 1, 2014 (attached hereto as Exhibit 4)

(collectively, the "Policies").  Each of the Policies provided coverage to A&E as a Named Insured or as First Named Insured.  (*See* Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 14 (Endorsement No. 1); Ex. 4 at 15 (Endorsement No. 2).)  Each of the Policies also provided coverage to Plaintiffs as a secondary "Named Insured" for certain activities related to their productions with A&E.  (*See* Ex. 1 at 10 (Named Insured Endorsement); Ex. 2 at 48 (Named Insured Endorsement); Ex. 3 at 14 (Endorsement No. 1); Ex. 4 at 15 (Endorsement No. 2).)

AGR is not a party to the Policies, and Plaintiffs' addition to the Policies as an insured party did not create a contractual relationship with A&E's broker AGR.  As such, and in addition to the reasons addressed in AGR's May 31, 2017 letter, Plaintiffs' claim for breach of contract must be dismissed because there is no contractual relationship between AGR and Plaintiffs.  *Marson Const. Corp. v. Illinois Union Ins. Co.*, 276 A.D.2d 294 (2000) (affirming grant of motion to dismiss where "there was no privity between plaintiff general contractor and . . . the insurance broker and agent for the subcontractor").

Sincerely,

*/s/ Renita Sharma*

Renita Sharma

cc:     All counsel of record (via ECF)